UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COMBAT ZONE CORP.,

     Plaintiff,

v.                           Case No:  1:12-cv-172-SPM-GRJ

DOES 1-7,

     Defendants.

_____/

**JOHN DOE 6, SPECIAL APPEARANCE MOTION TO VACATE THE ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO
THE PRE-RULE 26(f) CONFERENCE OR GRANT A PROTECTIVE ORDER TO
AVOID SAME, MOTION TO DISMISS ACTION OR SEVER DEFENDANTS FOR
IMPROPER JOINDER, AND MEMORANDUM OF LAW**

COMES NOW defendant, Doe 6 (IP Address 72.213.198.148) ("Doe 6" or "Defendant") by

and through the undersigned counsel, who hereby files this Special Appearance Motion To

Vacate the Order Granting Plaintiff's Motion For Leave To Take Discovery Prior To The Pre-

Rule 26(f) Conference or Grant a Protective Order to Avoid Same, Motion To Dismiss Action Or

Sever Defendants For Improper Joinder, And Memorandum Of Law, and would show as follows.

**I.       Introduction and Factual Background.**

1.  On July 21, 2012, plaintiff, Combat Zone Corp. ("Combat Zone" or "Plaintiff"), filed its

original Complaint For Copyright Infringement (**Dkt. # 1**) ("Complaint") in the U.S.

District Court, Northern District of Florida, Gainesville Division, purporting to join

unidentified defendants and alleging copyright infringement under 17 U.S.C. §§ 101 Et

Seq., against Does 1-7 (Count I, 6) and contributory infringement (Count I, 8) upon the

copyright of Combat Zone's pornographic film entitled, *Teen Babysitters #3*[1] **(Dkt. # 1-4)** for which each unidentified defendant is alleged to have committed contributory infringement through the use of a file sharing torrent protocol.  (Count II, 8).

2. On July 21, 2012, Combat Zone filed an *ex parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("*Ex Parte* Motion").  **(Dkt. # 5.)**

3. On July 23, 2012, this Honorable Court entered its Order granting Plaintiff's *Ex Parte* Motion allowing Combat Zone to serve subpoenas upon non-party Internet Service Providers (ISPs) ("Early Discovery Order").  **(Dkt. # 7.)**

4. Defendant received correspondence from Cox Communications dated September 11, 2012 ("Cox Notice") informing Doe 6 that pursuant to the subpoena enclosed therein, entitled, "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" issued from the U.S. District Court for the Northern District of Georgia, under the case number of this present action ("Subpoena") that on September 28, 2012, Cox Communications will disclose to Combat Zone's counsel in Fairfax, Virginia, Defendant's confidential information including his or her "name, address, telephone number, and email address from [its] records."  (Cox Notice).

5. Combat Zone provides the following technical statement:  "The torrent protocol makes home computers with low bandwidth capable of participating in large data transfers

---

[1] It is an open question whether plaintiff's work is even entitled to copyright protection.  See Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 447 n.2 (D. Mass. 2011) (it is "unsettled in many circuits, whether pornography is in fact entitled to protection against copyright infringement").

across so-called 'Peer-to-Peer' (P2P) networks.  The first file-provider [initial seeder][2] decides to share a file ('seed') with a torrent network.  Then other users ('peers') within the network connect to the seed file for downloading.  As additional peers request the same file, they become part of the same network.  Unlike a traditional P2P network, each new peer receives a different piece of the data from each peer who has already downloaded the file.  This system of multiple pieces of data coming from peers is called a 'swarm.' . . . [the] transferred file is simultaneously taking copyrighted material **through many ISPs in numerous jurisdictions around the country** (emphasis added)." (Compl. ¶ 9.)

6.  Combat Zone alleges that, "[w]hile Defendants engaged in this downloading and/or uploading of the file, they exposed their IP address to the public."  (Compl. ¶ 12.)

7.  Combat Zone alleges that, "[t]hrough the use of torrent technology, the Defendants in this case engaged in deliberate distribution of unlawful copies of [*Teen Babysitters #3*] . . . in a series of related transaction because they all downloaded the exact same file (not just the same copyrighted work), within a limited period of time."  (Compl. ¶ 13.)[3]

8.  Combat Zone alleges that, "[p]ursuant to Fed. R. Civ. P. 20(a)(2), the Defendants have been properly joined, as set forth in detail below and in Exhibit B, because Plaintiff

---

[2]  Combat Zone fails to allege that any of the Doe defendants named in this action is the alleged initial seeder that created the alleged torrent.  Indeed, it is unlikely that a Doe defendant named in this action is the "initial seeder," because of the volume of users that may participate in a single download can be greatly exceeded by hundreds or thousands more than the number of defendants named in this action.  See Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011).  ("The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.")

[3]  Defendant specifically denies this allegation and premise.

alleges that all Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in  related transactions through torrent software."  (Compl. ¶ 5.)

9.  Plaintiff <u>does not</u> plead or allege joint and several liability on the part the defendants.

10. Doe 6 makes this timely special appearance to bring forth these motions and legal arguments.  This special appearance is not to be construed as a general appearance by undersigned counsel or by Doe 6, who has not been served process in this action.

11. Defendant retained the undersigned attorney as a result of Plaintiff's Complaint, and is obligated to pay the attorney a reasonable fee for services rendered and costs incurred in bringing forth these motions.

12. Title 17 U.S.C. § 505 provides that in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs.

## ARGUMENT

### II.    A Special Appearance Motion to Dismiss Action or Sever Doe 6.

#### A.  A Special Appearance does not Waive Defects in Personal Jurisdiction or Venue.

Without admitting that this Court has personal jurisdiction over this Defendant or that this venue was properly selected, which is in fact denied, Doe 6 makes this special appearance solely to argue that a plain reading within the four-corners of the Complaint reveals that this action should be dismissed or the defendants severed for improper joinder, and for failure to state a cause of action upon which relief can be granted, and therefore moves to quash the Subpoena issued under the Early Discovery Order.  **(Dkt. # 7.)**  A defendant may enter a special appearance to contest personal jurisdiction without being subject to the personal jurisdiction of the court. <u>Burger King Corp. v. MacShara</u>, 724 F.2d 1505, 1509 (11th Cir. 1984).

### B.  John Doe 6 has Standing to move for Dismissal of this Action or Severance of the Defendants.

An individual becomes a party when sufficiently identified in the complaint, whether by an actual or fictitious name.  For example, see sections 865.09(9)(a) and (b), Florida Statutes, which makes a clear distinction between plaintiffs and defendants.  Under subparagraph (a), any Florida business, its members, and those interested in doing such business "may not **maintain any action**, suit, or proceeding in any court of this state until [section 865.09] is complied with."  Section 865.09(9)(a), Florida Statutes (emphasis added).  Whereas, on the contrary, the failure to register a fictitious name does not prevent the fictitiously named party "from **defending any action**, suit, or proceeding in any court of this state."  Section 865.09(9)(b), Florida Statutes (emphasis added).

Plaintiff's Complaint sufficiently identifies each Doe defendant through his/her IP addresses.  In reviewing a substantially similar complaint, the U.S. District Court for the Northern District of Illinois noted:

> The court notes that it cannot ignore the inconsistency of the plaintiff's position that the Doe . . . lacks standing to pursue a motion to [quash] because it has not been named or served, but at the same time refer throughout the . . . complaint to the [co-conspirator] who the plaintiff expressly identifies in the . . . complaint as the person with the Internet Protocol address [24.61.144.232]. . . . For all intents and purposes, the plaintiff has filed a complaint naming [Movant] IP Address [24.61.144.232] as a [co-conspirator]. The plaintiff's contention otherwise does not make it so.

Millennium TGA, Inc. v. Does 1-800, No. 10-cv-05603, 2011 U.S. Dist. LEXIS 94746 at *3-4 (N.D. Ill. Aug. 24, 2011).

Plaintiff subpoenaed Doe 6's ISP commanding it to provide notice and opportunity for Doe 6 to be heard in defense of release of his/her identifying information under the Subpoena and in protection of defendant's constitutional right to due process of law.  U.S. Const. Amend.

XIV. <u>See also</u>, Cable TV Privacy Act of 1984, 47 U.S.C. § 551(c)(2)(B) (2010) ("[a] cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed . . . ."). Doe 6 moves to dismiss this action or sever the parties therefrom. Such notice and opportunity to be heard is not limited solely to the mechanics of a motion for a protective order under F.R.C.P. 45(c)(3)(a)(iv). Numerous courts throughout this state and the nation have granted such relief based similar motions filed by Doe defendants. The plaintiff and the ISP, having noticed Doe 6 of his/her opportunity to be heard in defense of this action, sufficiently confers Doe 6 with standing to move to dismiss or sever this action.

Doe 6 recognizes that this Court does not have jurisdiction to quash the Subpoena issued from the Northern District Court of Georgia, but this Court can and should vacate the Early Discovery Order that the Subpoena was issued under. Rules 45(c)(3)(A) and (B), Fed. R. Civ. P. or issue a protective order avoiding the Subpoena issued under the Early Discovery Order.

A nonparty cannot be bound by a case in which he/she is not a party unless the party is represented in the action and the representation is full and adequate. <u>Hansberry v. Lee</u>, 311 U.S. 32 (1940); <u>Feen v. Ray</u>, 109 Ill. 2d 339, 348, 487 N.E.2d 619, 622 (Ill. 1985). Plaintiff seeks to liability for alleged contributory infringement and names Doe 6 as the person or entity associated with an IP address listed on Plaintiff's Exhibit A to its Complaint. "[T]here has been a failure of due process only in those cases where it cannot be said that the procedure adopted [in the representative action] fairly insures the protection of the interests of absent parties who are to be bound by it." <u>Juris v. Inamed Corp.</u>, No. 2:97-cv-11441, slip op. at 30 (11th Cir. July 6, 2012). As such, Doe 6 is a de facto named party defendant.

**III.     Motion to Vacate Order Granting Plaintiff's Motion for Leave to take Discovery Prior to the Pre-Rule 26(f) Conference; Alternative Motion for Protective Order.**

Through the mass-joinder of 7 perceived Internet users in a single lawsuit, the copyright owner pays only one filing fee to the court system per action, despite the number of defendant IP addresses targeted.  As one court noted:

> [T]hese mass copyright infringement cases have emerged as a strong tool for leveraging settlements—a tool whose efficacy is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers.

Pacific Century Int'l, Ltd. V. Does 1-37, 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012). Thus, the courts are deprived of massive amounts of revenue because of plaintiffs improperly evading the mandated filing fees.

In Mick Haig Productions E.K. v. Does 1-670, **a recent Fifth Circuit Court of Appeals decision**, the court exposed the litigation tactics employed by the plaintiff, a producer of pornographic films.  The Mick Haig Productions E.K. court concluded that

> [Mick Haig's] strategy of suing anonymous internet users for allegedly downloading pornography illegally, using the powers of the court to find their identity, then shaming or intimidating them into setting for thousands of dollars— **a tactic that he has employed all across the state and that has been replicated by other across the country.**

Mick Haig Productions E.K. v. Does 1-670, No. 11-10977, at 6 (5th Cir. July 12, 2012) (emphasis added) (citing Raw Films, Ltd. v. Does 1-32, 2011 WL 6182025, at *3 (E.D. Va. 2011) ("This course of conduct indicates that the plaintiffs have used the office of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them.  The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.  Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.")

Earlier this month in substantially similar case filed by the same counsel that brings this case before this Court, all Doe defendants other than John Doe 1 were severed and dismissed without prejudice.   Media Products, Inc. v. Does 1-26, No. 1:12-cv-3719, Opinion & Order, at 4 (S.D.N.Y. Sept. 4, 2012) (citations omitted).   "It is this swarm that Plaintiffs have relied on in grouping Doe defendants together in a common suit.   Ironically, there are swarms on both sides, for copyright locusts have descended on the federal courts, exacting low-cost settlements from embarrassed John Does and then moving on to the next District."   Id. at 3 (citations to numerous holdings in n.2 omitted).

Judge Baer, Jr. was further "troubled by the fact that some Doe defendants have already been voluntarily dismissed at this early stage in the litigation; it suggests as suspected that the pressure on Doe defendants to settle their case quickly and thereby avoid embarrassment and litigation costs-when they may not even have committed any infringement-is all too real."   Citing Mick Haig Prods. E.K. v. John Does 1-670, No. 3:10-CV1900-N, 2011 WL 5104095, at *5 n.7 (N.D. Tex. Sept. 9,2011) (quoting plaintiff's counsel as proudly reporting 'a 45 percent settlement rate' (internal quotation marks omitted)).   Id. at 4.

> Therefore, in the interests of fundamental fairness and judicial economy, I have determined that permissive joinder, at least beyond the initial discovery on the ISPs, is not appropriate.  The Plaintiffs' tactic, if left unchecked, could turn copyright protection on its head.  Congress intended to incentivize the creation of useful arts by providing a statutory right and a means of enforcement that would reward authors for their labors, hardly the Plaintiffs' strategy here.  See Raw Films, Inc. v. John Does 1-32, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 n.5 (N.D. Ga. Dec. 29, 2011) ("It is conceivable that the swarm joinder device could encourage the creation of works not for their sales or artistic value, but to generate litigation and settlements.")  . . .  In the BitTorrent pornography cases, settlements are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls. Severing the Doe defendants does not destroy the incentive to prosecute infringers who use peer-to-peer protocols; it merely restores the balance that Congress intended, not to mention that it ensures that

> courts receive the filing fees that Plaintiffs otherwise avoid.  . . .  The benefits of joinder in these cases cease once IPSs [sic] have been put on notice to preserve identifying information for particular IP addresses, and joinder thereafter serves, as far as I can tell, no legitimate or useful purpose.

Media Products, Inc., No. 1:12-cv-3719, Opinion & Order at 4-5.

The business model this plaintiff has adopted is becoming well known.  Indeed, in a widely circulated paper written by District of Columbia Attorney Guity Deyhimy, the author concisely states what the average John Doe defendant is facing when he/she is singled out by the plaintiff solely for being the named household member who subscribes to the Internet service. Guity Deyhimy, Copyright Infringement in Cyberspace – Decoding Strict Liability, http://deyhimylaw.com/content/copyright-infringement-cyberspace-decoding-strict-liability (2011).

> These individuals, the Doe defendants, reside throughout the United States. Rarely are they actually residents in or near [the court in which the lawsuit is proceeding].  A great number of these Doe defendants would testify under oath that in fact they did not download and have no knowledge of the allegedly unlawful download using their respective dynamic IP addresses.  The specter of substantial legal expenses in defense of a proceeding away from home, however, often militates towards an agreement to pay between $1,000 and $3,500, to purchase freedom from prosecution against them.

Id.

Although the Eleventh Circuit has not articulated a set test or criteria for deciding whether early discovery is warranted, district courts in this Circuit have elected to apply a good cause standard.  Dell Inc. v. Belgiumdomains, LLC, No. Civ. 07-22674, 2007 WL 6862341, at *6 (S.D. Fla. Nov. 21, 2007); Cf. Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc., 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); Arista Records LLC v. Does 1-7, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008).

Combat Zone alleges that "[e]ach Doe Defendant is known to the Plaintiff only by an IP address." (Compl. ¶ 7.) On this point, the Honorable Southern District of Florida Judge Seitz finds:

> While the Court recognizes that the Doe Defendants have not yet asserted different defenses, the possibility of this occurring rises above the level of mere speculation. For example, due to the imprecise manner in which the Plaintiff identifies alleged infringers, namely by IP addresses, Defendants can assert an unquantifiable number of different factual scenarios to establish that they did not download the copyrighted work (the 'it wasn't me defense').

Sunlust Pictures, LLC v. Does 1-120, No. 2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion, at *9 (S.D. Fla. July 24, 2012).

In SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620, United States District Judge Samuel Conti also stated that:

> If the Court were to grant Plaintiff's Application, Plaintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. "That individual—whether guilty of copyright infringement or not— would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement.' "

SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620 at *8 (N.D. Cal. Nov. 30, 2011) (citations omitted).

Plaintiff wrongfully equates the subscriber of the Internet service to the alleged infringer. In an Order entered by United States District Judge Samuel Conti on November 30, 2011, in the United States District Court, Northern District of California, the court held:

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. For example, "[ISP] subscriber John Doe 1 could be an innocent parent whose internet access

was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works." By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, "Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed."

SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620 at *7-8 (N.D. Cal. Nov. 30, 2011) (quoting Hard Drive Prods., Inc. v. Does 1-130, 2011 WL 5573960, at *2 (N.D. Cal. Nov. 16, 2011)) (citation omitted).

In, In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation (E.D.N.Y. May 1, 2012), the court noted that:

An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones. . . . Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.

Id. at *6 (placing a district-wide moratorium on similar mass-joinder actions). Many similar motions to deny pre-Rule 26(f) subpoenas, dismiss actions or sever defendants have been granted.[4] See Sunlust Pictures, LLC v. Does 1-120, No. 2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion, at *7 (S.D. Fla. July 24, 2012) [Dkt. #26]. In Sunlust, the Court found that the facts do not satisfy the "same transaction, occurrence, or series of

---

[4] See e.g., In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation at * 8 (E.D.N.Y. May 1, 2012); In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation at * 8 (E.D.N.Y. May 1, 2012); Patrick Collins v. Does 1-1219, 2010 WL 5422569 (N.D. Cal. Dec. 28, 2010); On the Cheap v. Does 1-5011, No. CIO-4472BZ (N.D. Cal. Sep. 6, 2011); Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, (N.D. Cal. Aug. 23, 2011).

transactions or occurrences" for permissive joinder and vacated the portion of its Order Granting Leave to Conduct Early Discovery.  The Court also required the Plaintiff to notify the ISPs that it no longer has the authority to subpoena the information sought.  Id. at 10-11.

The plaintiff in VPR Internationale v. Does 1-1017 sought early discovery to subpoena the identifying information of the subscribers of IP addresses who allegedly infringed upon the plaintiff's copyright of a motion picture.  See VPR Internationale v. Does 1-1017, Case No. 11-2068 (C.D. Ill., Apr. 29, 2011).  The court denied the request for early discovery and later denied the plaintiff's motion for interlocutory review because the "court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class action."  Id. at 3. Similar motions to quash were granted in Patrick Collins v. Does 1-1219, 2010 WL 5422569 (N.D. Cal. Dec. 28, 2010), and June 21 Mot. To Quash at § 7(b), On the Cheap v. Does 1-5011 No. CIO-4472BZ (N.D. Cal. Sept. 6, 2011).  Defendant contends that plaintiff does not invoke the Court's jurisdiction to seek expedited discovery in good faith or to pursue judicial adjudication, but solely seeks a means to obtain the names and addresses that correspond to the IP Addresses its technicians identified to further its business model of soliciting coercive settlements of disputed claims under a single filing fee.  **Any stated intent on the part of the Plaintiff to voluntarily sever the defendants after learning their contact information would show the disingenuousness of joining these defendants *ab initio*.**

Most of the targeted victims are coerced into settling their claims to avoid the perceived public humiliation of having their name associated with copyright infringement.  This business model uses the threat of federal civil prosecution to solicit payment via pre-service of process dunning letters with the intent of compelling targeted Internet subscribers to pay Combat Zone under the guise of an ongoing lawsuit to avoid being personally identified in the lawsuit,

historically without the intent of actually litigating the case in the event of non-payment. Indeed, the vast majority of such lawsuits are resolved without serving process on a single John Doe.

On March 30, 2012, the U.S. District Court for the Northern District of California entered its Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, against the plaintiff, Hard Drive Productions, Inc., and stated that:

> [It] will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or may not be infringers. This court is not willing to do.

Hard Drive Productions, Inc., 5:11-cv-03825-HRL (Doc. 18 therein) Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, Pg. 11: 21-26. The Hard Drive court also notes the lack of good faith in that "no defendant has ever been served in one of these mass copyright cases belies any effort by plaintiff to allege that the discovery *will* lead to identification of and service on the Doe defendants." Id.

On the contrary, the good faith section of Combat Zone's Memorandum of Law in Support of Motion for Leave to Server Third Party Subpoena **(Dkt. # 5-1)** is silent on these aspects of the plaintiff's business model. Defendant contends that such silence outweighs and defeats Combat Zone's good faith showing that the Court relied upon when entering its Motion For Leave To Take Discovery Prior To The Rule 26(f) Conference **(Dkt. # 7),** which therefore should be vacated or a protective order should be fashioned to avoid same.

The Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011); see also Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c)

gives the district court discretionary power to fashion an appropriate protective order. Farnsworth, 758 F.2d at 1548. Specifically, this Court is authorized to issue such a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure [and] limiting the scope of disclosure . . . to certain matters." Fed. R. Civ. P. 26(c)(1)(B), (D).

Clearly, being subject to allegations of unlawful downloading of adult content would be detrimental to Doe 6's good name, his/her occupation, his/her reputation in the community and at home. This is so, despite his/her innocence. In today's society simply being named is scandalous and such allegations should not be made lightly. These allegations should not be made based solely on a technical hunch by a paid consultant whose single compensable task is to troll for possible targets. The Plaintiff's burden should be higher than to join multiple defendants unknown to each other into a single same action for a single filing fee or for the primary purpose of using the court system to discover the name and address of these nameless defendants. Not to litigate, but to pressure into making an excessive payment to avoid the stigma. Indeed, access to this honorable forum should be available to Plaintiff to prosecute legitimate claims of copyrighted infringement, but here, Plaintiff is conducting a pre-judgment fishing expedition at the expense of the taxpayers. A protective order is warranted under the circumstances.

For each of the foregoing reasons, Defendant, Doe 6, respectfully moves for an order vacating the Court's Early Discovery Order (**Dkt. # 7**), which in turn would quash or vacate the Subpoena issued thereunder from the foreign jurisdiction by operation of law or that a protective order be fashioned to avoid same. "The subpoena at issue in this case only exists because this Court authorized early discovery pursuant to Rule 26. Thus, the Court has the discretion to

modify the discovery granted to protect the Doe Defendants." <u>Nu Image, Inc. v Does 1-3,932</u>, Case No. 2:11-cv-545-FtM-29SPC, D.E. 244 at *6 (M.D. Fla. May 3, 2012) (subpoena quashed).

Alternatively, for lack of good cause shown for early discovery of joined parties, Doe 6 moves for severance of Doe defendants 2-7 with the order granting severance quashing the Subpoena as to all but Doe 1.  Many federal courts have granted this reasonable relief.  <u>See</u> Section IV, immediately below.

### IV.    Motion to Dismiss Action or Sever Defendants for Improper Joinder.

"On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  <u>Alexander v. Fulton Cnty., Ga.</u>, 207 F.3d 1303, 1323 (11th Cir. 2000).  "The Federal Rules, however, also recognize countervailing considerations to judicial economy."  <u>Id.</u> at 1324.  "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices."  <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir. 2002).  Numerous courts have found that alleged copyright infringement through the use of peer-to-peer networks is insufficient to sustain permissive joinder.[5]  Courts, however, have struggled to uniformly apply this case law to actions

---

[5]  <u>See, e.g.</u>, <u>Media Products, Inc. v. Does 1-26</u>, No. 1:12-cv-3719, Opinion & Order (S.D.N.Y. Sept. 4, 2012); <u>Sunlust Pictures, LLC v. Does 1-120</u>, No.  2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion (S.D. Fla. July 24, 2012); <u>Millennium TGA, Inc. v. Comcast Cable Communications LLC</u>, Misc. Action No.: 12-mc-00150-RLW, Memorandum Opinion (D.C. June 25, 2012); <u>Malibu Media, LLC, v. John Does 1-14</u>, Case 1:12-cv-4136-LLS, Order (S.D.N.Y. June 13, 2012) (dismissed complaint <i>sua sponte</i> as to all defendants but Doe 1); <u>Digital Sin, Inc. v. John Does 1-245</u>, Case 1:11-cv-8170-CM, Order Severing John Does 2-245 (S.D.N.Y. May 15, 2012); <u>K-Beech v. Does 1-37</u>, Case 2:11-cv-03995-DRH-GRB, D.E. 619, Order and Report and Recommendation (S.D.N.Y. May 1, 2012); <u>Hard Drive Productions, Inc.</u>

involving the use of torrent protocol technology.  Liberty Media Holdings, LLC v. Does 1-38 et al., No. Civ. 1:11-cv-21567-KMM, Opinion and Order, at *3 (S.D. Fla. Nov. 1, 2011).  Consequently, courts are split as to whether joinder under Rule 20 is appropriate in actions alleging copyright infringement against a BitTorrent swarm.  Id.  (citing Hard Drive Prods., Inc. v. Does 1-55, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (finding joinder appropriate)); Donkeyball Movie, LLC v. Does 1-171, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011) (same). But see Hard Drive Prods., Inc. v. Does 1-30, 2011 WL 4915551, at *4 (E.D. Va. Oct. 17, 2011) (finding joinder inappropriate); Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, at *7-15 (same).  In Hard Drive Prods., Inc. v. Does 1-188, the court analyzed whether joinder of 188 defendants alleged to be members of the same BitTorrent swarm was appropriate.  Finding misjoinder, the court stated:

> Does 1-188 did not participate in the same transaction or occurrence, or the same series of transactions or occurrences. . . .  Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm.  The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that

---

v. Does 1-90, Case 5:11-cv-03825-HRL, D.E. 18, Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90 (N.D. Cal. Mar. 30, 2012) (severing defendants and denying discovery); Patrick Collins, Inc. v. John Does 1-23, 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012); Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); Liberty Media Holdings, LLC v. BitTorrent Swarm, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); AF Holdings, LLC v. Does 1-97, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); Hard Drive Productions, Inc. v. John Does 1-30, No. 2:11ev345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa. Nov. 1, 2011) (severing defendants 2-30); Hard Drive Prods., Inc. v. Does 1-188, 2011 WL 3740473, at *7-9 (N.D. Cal. Aug. 23, 2011) (analyzing pre-BitTorrent P2P case law); BMG Music v. Does 1-203, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

they were part of the downloading by **unknown hundreds or thousands of individuals across the country or across the world**.

Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011) (emphasis added).

The overwhelming trend of recent decisions across the nation concludes that joinder in cases such as this is improper and thus the Doe defendants must be severed from this suit.  E.g., Malibu Media, LLC v. Does 1-14, 2012 WL 3401441, Case No. 12-cv-2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 1); Malibu Media, LLC v. Does 1-24, 2012 WL 3400703, Case No. 12- cv-2070 (D. Colo. August 14, 2012) (same); Malibu Media, LLC v. Does 1-5, 2012 WL 3030300, Case No. 12-cv-1405 (D. Colo. July 25, 2012) (same); Malibu Media, LLC v. Does 1- 54, 2012 WL 3030302, Case No. 12-cv-1407 (D. Colo. July 25, 2012) (same); Malibu Media v. John Does 1-10, Case No. 2:12-cv-3623-ODW(PJW), [DE 7] (C.D. Cal. June 27, 2012) (same); Malibu Media v. John Does 1-10, Case No. SACV 12-649-JST(MLGx), [DE 8] (C.D. Cal. June 14, 2012) (concluding that the joinder of 10 John Doe defendants was not appropriate under a BitTorrent Protocol theory); Malibu Media, LLC v. John Does 1–23, 2012 WL 1999640 (E.D. Va. May 30, 2012); West Coast Productions, Inc. v. Swarm Sharing Hash Files, D.E. 15, Ruling, Case 6:12-cv-01713 at *3 (WD La. August 17, 2012) (severing all Does other than Doe 1 and quashing all subpoenas to ISPs); Bubble Gum Productions, LLC v. Does 1-80, 2012 WL 2953309 (S.D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80).  This Court can and should follow this prevailing trend and rule that joinder is improper.

> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If

Malibu desires to vindicate its copyright rights, it must do in the old-fashioned way and earn it.

Malibu Media v. John Does 1-10, Case No. 2:12-cv-3623-ODW(PJW), [D.E. 7] (C.D. Cal. June 27, 2012).

In the present case, the alleged torrent protocol activity complained of occurred over a period of 3 months (2/18/12 to 05/25/12).  Compl. Ex. "A" **(Dkt. # 1-1).**  This fact alone <u>negates</u> the inference that Doe 6 acted in concert with the other defendants.  In <u>Digital Sin, Inc. v. John Does 1-245</u>, the court noted that "the Second Amended Complaint alleges that separate defendants shared access to a file containing a pornographic film in separate and isolated incidents over the course of 59 days.  In other words, what we have here is 245 separate and discrete transactions in which 245 individuals used the same method to access a file via the Internet—no concerted action whatever, and no series of related occurrences." <u>Digital Sin, Inc. v. John Does 1-245</u>, Case 1:11-cv-8170-CM, Order Severing John Does 2-245, at *3 (S.D.N.Y. May 15, 2012).  BitTorrent file sharing over an extended period of time fails to meet the same "transaction, occurrence, or series of transactions or occurrences" requirement under Rule 20. <u>Liberty Media Holdings, LLC v. Does 1-38 et al.</u>, No. Civ. 1:11-cv-21567-KMM, Opinion and Order, at *4 (S.D. Fla. Nov. 1, 2011).

Further, Plaintiff has not pled that any individual Doe copied or uploaded a piece from any other individual.  Permissive joinder of defendants would likely prejudice Doe 6, due to the numerous logistical burdens that would arise:  "each defendant's defense would, in effect, require a mini-trial." <u>Liberty Media Holdings, LLC v. Does 1-38 et al.</u>, No. Civ. 1:11-cv-21567-KMM, Opinion and Order, at *5-6 (S.D. Fla. Nov. 1, 2011) (citing <u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F. Supp. 2d, 1150, 1156 (N.D. Cal. 2011)).  Accordingly, permissive joinder of the defendants in this action does not satisfy Rule 20(a), such that the action should be dismissed or

the defendants severed and the Subpoena issued thereunder, quashed.  Id. at *5; In re BitTorrent Adult Film Copyright Infringement Cases, 2:11-cv-3995, Order and Report and Recommendation at *18-21 (E.D.N.Y. May 1, 2012).  "[T]he court cannot accept Plaintiff's arguments that Defendants' actions constitute the same transaction, occurrence, or series of transactions or occurrences."  Sunlust Pictures, LLC v. Does 1-120, 2:12-20920-Seitz/Simonton, Omnibus Order Granting Defendant's Motion To Sever, Dismissing The Claims Against Does 2-120 Without Prejudice, And Vacating The Portion Of The Court Order Granting Early Discovery As To Does 2-120, Order and Opinion, at *8 (S.D. Fla. July 24, 2012).  "The potential assertion of defenses unique to each of 120 Does would create an unmanageable case with respect to motion practice and trial." Id. at 8 (citing Hard Drive Prods., Inc., 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)) (finding misjoinder in the interest of promoting judicial economy and trial convenience).

## V.  Motion to Dismiss or Sever for Failure to State a Cause of Action Based on Joinder.

The purported joinder of unrelated defendants is improper where joint and several liability has not been pleaded.  In fact, Plaintiff's Complaint does not contain a single utterance of the words "joint" or "severally" at all.  However, if the Court were to find that participation as peers in a swarm (Compl. ¶ 9) satisfies the elements of Rule 20(a)(2), and if the Court were to find an entitlement to damages, then the Court must find that the defendants are joint and severally liable.  To find otherwise would negate Plaintiff's alleged grounds for joinder, i.e., that participating in the same swarm to download and upload the same file is tantamount to arising out of the same transaction, occurrence, or series of transactions or occurrences.  Fed.R.Civ.P. 20(a)(2).

Under a same transaction or occurrence theory, plaintiff must disclose all individual settlements to the non-settled swarm members. In re Chene, 236 B.R. 69, 73 (Bankr. M.D. Fla., 1999) ("Although each responsible person is liable for the entire amount of the unpaid withholding tax, the IRS does not recover more than 100 percent of the underlying tax.").

The U.S. Copyright Act provides with regard to actual damages that "in establishing the infringer's profits, the copyright owner is required to present proof only of the **infringer's gross revenue**, and the infringer is required to prove his or her deductible expenses . . . ." 17 U.S.C. § 504(b) (emphasis added). And, section 504 provides, with regard to statutory damages, that **with respect to any one work**, for which any one infringer is liable individually, or for which any two or more infringers are liable joint and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1) (emphasis added).

Under the same transaction and occurrence theory of joinder damages are limited to a single amount calculated to make the plaintiff whole or a single statutory limit, with each individual defendant being responsible for an undivided portion of the whole, subject to division based on prior or like contributions. U.S. v. Page, 69 F.3d 482, 494 (11th Cir. 1995). "Because of the joint and several nature of the restitution imposed by the district court, the district court could not at the same time also provide that the monies paid by one defendant could not be credited toward the restitution obligations of the other defendants." Id. Thus, plaintiff's joinder of several defendants alleged to have acted in the same transaction and occurrence **of the exact same file** (Compl. ¶¶ 5, 11, 13, 20, 22, 29, 31) damages requires disclosure to each defendant of all amounts received thus far from other defendants who have contributed to the same alleged infringement of the alleged single file and swarm. Anything short of full disclosure could result in duplicate recovery.

Accordingly, Plaintiff may only seek damages per <u>swarm</u>, not per <u>defendant</u>. Moreover, it is not out of the realm of possibilities that Plaintiff has already been made whole by targeted alleged members of the same swarm prior to bringing this action. This is particularly so since Plaintiff claims that, "[a]s a result, every downloader is also an uploader of the illegally transferred file and is simultaneously taking copyrighted material through many ISPs in numerous jurisdictions around the country." (Compl. § 9; <u>also</u> <u>see</u> n. 3 <u>supra</u>.) Indeed, the swarm can be global and the Plaintiff already made whole.

Upon information and belief, Plaintiff has already settled all or a portion of the claims with other "peers" in the same "swarm" it sues for here. As a result of pre-suit and post-suit settlements with multiple parties ("across the country or across the world"[6]) Plaintiff must disclose to the Court and to each putative defendant all compensation it has received as a result of the alleged download of the single file it now sues upon or, at a minimum, plead setoff. Plaintiff has done neither. The Eleventh Circuit Court of Appeals ruled, by analogy, that "it is the policy of the IRS to collect the delinquent tax only once." <u>United States v. Huckabee Auto Co.</u>, 783 F. 2d 1546, 1548 (11th Cir. 1986). "Double recovery by the government is not necessary to fulfill § 6672's primary purpose — protection of government revenues." <u>Id.</u> (quoting <u>Brown v. United States</u>, 591 F. 2d 1136, 1143 (5th Cir. 1979)).

To be clear, Defendant is not at this time raising the affirmative defense of election of remedies, which prevents a party from obtaining double redress for a single wrong. The doctrine "refers to situations where an individual pursues remedies that are legally or factually inconsistent." <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 49 (1974). Rather, the argument is raised to illustrate that joinder (**a procedure**) is inconsistent with its per-defendant damage (**a**

---

[6] <u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

**remedy**) claim.  In other words, each of Plaintiff's alternative remedies defeats its argument for joinder.  The Eleventh Circuit has held:

> [W]here a party injured by a breach definitely manifests a choice of a remedy that is actually available to him, in the place of some other alternative remedy, such a manifestation will bar an action for the latter remedy, provided that the party against whom the remedy is asked made a substantial change of position in reliance on the manifestation of intention before notice of its retraction.  This makes the conclusiveness of an 'election' depend upon the existence of facts sufficient to create an 'estoppel.'

Dunkin' Donuts of America, Inc. v. Minerva, Inc., 956 F. 2d 1566, 1577 (11th Cir. 1992).  Combat Zone has already elected its remedy by accepting undisclosed settlements severally and confidentially.

Nothing short of full disclosure and setoff would allow Doe 6 to be aware of Plaintiff's claim to entitlement, if any, to bring forth this action that it repeatedly claims to be based on the based on uploading and downloading the exact same file, such that the participation in such transaction and occurrence provides the basis for joinder.  It would be an injustice to allow joinder of these 7 alleged swarm participants to stand where Plaintiff has already made an election of remedies to accept undisclosed settlements severally.  U.S. v. Eli R. Price, Executor of Joseph Archer, 50 U.S. 83, 94 (1850) ("But having once made his election and obtained a joint judgment, his bond is merged in the judgment, *quia transit in rem judicatam*.  It is essential to the idea of election that a party cannot have both.")

Plaintiff cannot have it both ways.  Joinder based on participation in the same transaction or occurrence is inconsistent the non-disclosure of settlements already reached, payments already received, and related actions in other jurisdictions involving the same alleged swarm.  At a minimum, Plaintiff must disclose the case name and jurisdiction of every related case it has filed in U.S. district courts that seek recovery for torrent protocol filing sharing of *Teen Babysitters #3*

or suffer dismissal for failing to state a viable cause of action for "contributory [copyright] contributory infringements . . . committed willfully within the meaning of 17 U.S.C. § 504(c)(2). (Compl. ¶ 32.)  Plaintiff has failed to properly plead the elements of permissive joinder, thus, this action must be dismissed or Does 2-7 severed from it.

## VI.    Conclusion.

Defendant, Doe 6, prays for an order against plaintiff, COMBAT ZONE CORP., that:

1. vacates the Order Granting Plaintiff's Motion For Leave To Take Discovery Prior To The Pre-Rule 26(f) Conference for lack of good cause shown *ex parte*, and therewith quash to Subpoena issued thereunder by operation of law; or

2. fashions a protective order to avoid the Subpoena; or

3. dismisses the action or severs the defendants for improper joinder; or

4. dismisses the action or severs the defendants for plaintiff's failure to state a cause of action based on same transaction or occurrence; and

5. awards Doe 6 his/her reasonable attorney's fees and costs incurred herein; and

6. orders that plaintiff, COMBAT ZONE CORP., take nothing by way of its Complaint; and

7. orders that Doe 6 go hence without day; and

8. grants such other relief this Honorable Court deems equitable and just under the circumstances.

Respectfully submitted by:

**WILLIAM R. WOHLSIFER, PA**

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No:  86827
1100 E Park Ave Ste B
Tallahassee, Florida 32301
Tel:  (850)219-8888

Fax: (866)829-8174
E-Mail: william@wohlsifer.com
Attorney for John Doe 6

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that counsel for the movant has attempted to confer with plaintiff's counsel in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties receiving electronic notification via the Court's CM/ECF system as of September 26, 2012.

I also certify that on this date a copy of the foregoing was served to the following entity via facsimile: Subpoena Compliance Office, Cox Communications, Inc., 1400 Lake Hearn Drive, Atlanta, GA 30319 (Fax: 404-269-1898).

By: /s/ William R. Wohlsifer
William R. Wohlsifer, Esquire
Fla. Bar No: 86827